## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| LEROY R. CHENEY, SR., of Sanford, ) <br> County of York and State of Maine, ) <br> ) <br> PLAINTIFF ) <br> vs. ) <br> ) <br> MIDLAND CREDIT MANAGEMENT, INC.) <br> EQUIFAX CREDIT INFORMATION ) <br> SERVICES, INC. ) <br> ) <br> DEFENDANTS ) | CIVIL ACTION <br> Docket No. |

## COMPLAINT

NOW COMES the Plaintiff, Leroy R. Cheney, Sr., (hereinafter "Plaintiff"), by and through his counsel James F. Molleur, LLC, and complains against Defendants Midland Credit Management, Inc. (hereafter referred to as "Midland," for convenience), and Equifax Credit information Services, Inc., (hereafter "Equifax,") as follows:

1. 15 U.S.C. § 1681, et seq., 15 U.S.C. § 1692 et seq., 28 U.S.C. § 1331, and 28 U.S.C. § 1334(a); venue is appropriate in this District pursuant to 28 U.S.C. § 1408.

## PRELIMINARY STATEMENT

2. Plaintiff is an individual residing in Sanford, County of York and State of Maine.

3. Midland is a Delaware Corporation with principal offices in San Diego, California.

4. Equifax is a Georgia Corporation with principal offices in the State of Georgia.

## FACTUAL ALLEGATIONS

5. In or around April 2002, Plaintiff opened a Household Arbor Credit Services credit card, account number 5488975001083784.

6. Prior to 2006, Plaintiff ceased making payments on the account.

7. Plaintiff's account was subsequently charged off and the balance was sold to Midland, which ultimately transferred collection duties to Zwicker & Associates, P.C., (hereafter "Zwicker,") a Massachusetts law firm.

8. In or around January, 2006, Plaintiff retained James F. Molleur, LLC to negotiate one-time settlement offers on his outstanding accounts.

9. On or about March 27, 2006, Plaintiff's counsel negotiated a settlement for Midland's account with Zwicker on the $1055 balance including interest. Attached as Exhibit A is a true and accurate copy of a letter from Zwicker dated March 27, 2006, setting forth the terms of the settlement.

10. Pursuant to the settlement agreement with Zwicker, Plaintiff's counsel made payment via check in the amount of $511.50 on March 27, 2006.

11. Zwicker received the check via telephone on March 27, 2006.

12. Under the settlement terms, Zwicker, as agent for Midland represented that Midland would "notify the appropriate credit reporting agencies of the accounts (sic) settled status."

13. In August 2006, Plaintiff received his credit report from Equifax, Transunion, and Experian, in order to verify that his settled accounts were being correctly reported.

14. In reviewing his credit reports, Plaintiff noticed that his Equifax and Transunion accounts reported both the Household account and the Midland account as in collection and with a balance due. The Experian credit report noted the Midland account as in collection with a balance due.

15. Shortly after August 31, 2006, Plaintiff wrote letters to each of his credit reporting agencies, requesting that those agencies make corrections to his credit reports. Attached as Exhibit B are true and accurate copies of those letters.

16. Plaintiff received a response from Equifax, indicating that the status of the accounts had been verified.

17. On December 6, 2006, Plaintiff again received his credit report from Equifax, Transunion, and Experian.

18. Plaintiff's Equifax and Transunion reports list the original Household account as in collection. Attached as Exhibit C is a true and accurate copy of the December 6, 2006 report for the Household account.

19. Plaintiff's Equifax credit report lists the Midland account as in collection and Plaintiff's Transunion credit report lists the Midland account as in collection with a $544 balance due. Attached as Exhibit D is a true and accurate copy of the December 6, 2006 report for the Midland account.

20. Experian and Transunion either removed the account notations or noted that the account status had been disputed, as required by the Fair Credit Reporting Act.

## COUNT I: WILLFUL VIOLATIONS OF THE FAIR CREDIT REPORTING ACT BY DEFENDANT EQUIFAX

21. Plaintiff realleges and incorporates by reference paragraphs 5-20 of this Complaint.

22. Equifax is a "person" under The Fair Credit Reporting Act, 15 U.S.C. § 1681a(b), and is a "consumer reporting agency" under 15 U.S.C. § 1681a(f).

23. Plaintiff is a "consumer" under 15 U.S.C. § 1681a(c).

24. Equifax's actions in: 1) failing to follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report even though Experian stopped reporting the accounts as in collection and Transunion noted Plaintiff's disputes (15 U.S.C. § 1681e(b); and 2) failing to perform a reasonable reinvestigation regarding the disputed account after receiving Plaintiff's letter (15 U.S.C. § 1681i(a)(1); constitute instances of willful noncompliance with the Fair Credit Reporting Act (15 U.S.C. § 1681n).

25. Equifax is liable to Plaintiff for actual damages he suffered as a result of its willful noncompliance, including his pain and suffering resulting from his inability to acquire a Bank of America L.L. Bean credit card, or damages of not less than $100 or more than $1,000, costs and reasonable attorneys fees, and such punitive damages as the court may allow, pursuant to 15 U.S.C. § 1681n(a).

## COUNT II: NEGLIGENT VIOLATIONS OF THE FAIR CREDIT REPORTING ACT BY DEFENDANT EQUIFAX

26. In the alternative, Plaintiff realleges and incorporates by reference paragraphs 5-20 of this Complaint.

27. Equifax is a "person" under The Fair Credit Reporting Act, 15 U.S.C. § 1681a(b), and is a "consumer reporting agency" under 15 U.S.C. § 1681a(f).

28. Plaintiff is a "consumer" under 15 U.S.C. § 1681a(c).

29. Equifax's actions in: 1) failing to follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report (15 U.S.C. § 1681e(b); and 2) failing to perform a reasonable reinvestigation regarding the disputed account after receiving Plaintiff's letter (15 U.S.C. § 1681i(a)(1); constitute instances of negligent noncompliance with the Fair Credit Reporting Act (15 U.S.C. § 1681o.

30. Equifax is liable to Plaintiff for actual damages he suffered as a result of its negligent noncompliance and costs and reasonable attorneys fees, pursuant to 15 U.S.C. § 1681o(a).

### COUNT III: WILLFUL VIOLATIONS OF THE FAIR CREDIT REPORTING ACT BY DEFENDANT MIDLAND

31. Plaintiff realleges and incorporates by reference paragraphs 5-20 of this Complaint.

32. Midland is a "person" under The Fair Credit Reporting Act, 15 U.S.C. § 1681a(b), and is a "consumer reporting agency" under 15 U.S.C. § 1681a(f).

33. Plaintiff is a "consumer" under 15 U.S.C. § 1681a(c).

34. Upon information and belief, Defendant Midland received notice from one or more of Plaintiff's credit reporting agencies concerning Plaintiff's letters, pursuant to 15 U.S.C. § 1681i(a)(2).

35. Upon information and belief, Defendant Midland willfully failed to comply with the reasonable reinvestigation requirements imposed by 15 U.S.C. § 1681i(a)(1)(A), when it allowed the original Household account to continue to be reported on all three of Plaintiff's credit reports and when it allowed its own account to continue to be reported as in collection on Plaintiff's Equifax credit report and as in collection with a balance due on Plaintiff's Transunion credit report.

36. Midland is liable to Plaintiff for actual damages he suffered as a result of its willful noncompliance, including his pain and suffering resulting from his inability to acquire a Bank of America L.L. Bean credit card, or damages of not less than $100 or more than $1,000, costs and reasonable attorneys fees, and such punitive damages as the court may allow, pursuant to 15 U.S.C. § 1681.

## COUNT IV: NEGLIGENT VIOLATIONS OF THE FAIR CREDIT REPORTING ACT BY DEFENDANT MIDLAND

37. In the alternative, Plaintiff realleges and incorporates by reference paragraphs 5-20 of this Complaint.

38. Midland is a "person" under The Fair Credit Reporting Act, 15 U.S.C. § 1681a(b).

39. Plaintiff is a "consumer" under 15 U.S.C. § 1681a(c).

40. Upon information and belief, Defendant Midland received notice from one or more of Plaintiff's credit reporting agencies concerning Plaintiff's letters, pursuant to 15 U.S.C. § 1681i(a)(2).

41. Upon information and belief, Defendant Midland negligently failed to comply with the reasonable reinvestigation requirements imposed by 15 U.S.C. § 1681i(a)(1)(A), when it allowed the original Household account to continue to be reported on all three of Plaintiff's credit reports and when it allowed its own account to continue to be reported as in collection on Plaintiff's Equifax credit report and as in collection with a balance due on Plaintiff's Transunion credit report.

42. Midland is liable to Plaintiff for actual damages he suffered as a result of its negligent noncompliance and costs and reasonable attorneys fees, pursuant to 15 U.S.C. § 1681.

## COUNT V: VIOLATIONS OF THE MAINE FAIR CREDIT REPORTING ACT BY DEFENDANT EQUIFAX:

43. Plaintiff realleges and incorporates by reference paragraphs 5-20 of this Complaint.

44. Equifax is a "person" under the Maine Fair Credit Reporting Act, under 10 M.R.S.A. § 1312(10), and is a "consumer reporting agency" under 10 M.R.S.A. § 1312(4).

45. Plaintiff is a "consumer" under 10 M.R.S.A. § 1312(2).

46. Plaintiff directly conveyed to Defendant Equifax notice of his dispute in regards to certain information contained in his credit report, pursuant to 10 M.R.S.A. § 1317(2).

47. Defendant Equifax failed to properly note on Plaintiff's credit report the presence of disputed information, as required by 10 M.R.S.A. § 1313-B(6).

48. Defendant Equifax failed to promptly expunge information on Plaintiff's credit report that was inaccurate or could no longer be verified as accurate after it performed a reinvestigation, as required by 10 M.R.S.A. § 1317(4).

49. Defendant Equifax failed in its duty to maintain reasonable procedures to ensure accuracy of Plaintiff's credit report, as required by 10 M.R.S.A. § 1321(2).

50. Defendant Equifax is liable to Plaintiff for the actual damages Plaintiff suffered, including the pain and suffering resulting from his inability to acquire a Bank of America L.L. Bean credit card, plus a sum of three times the actual damages, plus the costs of this action, together with reasonable attorney's fees for Defendant Equifax's willful and knowing failure to comply with the Maine Fair Credit Reporting Act, pursuant to 10 M.R.S.A. § 1322.

51. In the alternative, Defendant Equifax is liable to Plaintiff for the actual damages Plaintiff suffered, including the pain and suffering resulting from his inability to acquire a Bank of America L.L. Bean credit card, plus such additional damages as the Court may allow of not less than one hundred dollars ($100) for each violation, plus the costs of this action, together with reasonable attorney's fees for Defendant Equifax's negligent failure to comply with the Maine Fair Credit Reporting Act, pursuant to 10 M.R.S.A. § 1323.

## COUNT VI: VIOLATIONS OF THE MAINE FAIR CREDIT REPORTING ACT BY DEFENDANT MIDLAND:

52. Plaintiff realleges and incorporates by reference paragraphs 5-20 of this Complaint.

53. Midland is a "person" under the Maine Fair Credit Reporting Act, under 10 M.R.S.A. § 1312(10).

54. Plaintiff is a "consumer" under 10 M.R.S.A. § 1312(2).

55. Midland regularly and in the ordinary course of its business furnishes information regarding consumers to credit reporting agencies.

56. Midland violated its duty to avoid furnishing information to Plaintiff's credit reports that it knew or had reason to know to be inaccurate, pursuant to 10 M.R.S.A. § 1320-A(1)(A).

57. Midland violated its duty to notify each of Plaintiff's credit reporting agencies when it determined information it previously reported was inaccurate or incomplete and to affirmatively provide corrections or additional information, pursuant to 10 M.R.S.A. § 1320-A(2).

58. Midland failed to notify Plaintiff's credit reporting agencies of the voluntary closure of its account and the Household account through Plaintiff's settlement, pursuant to 10 M.R.S.A. § 1320-A(4).

59. Midland is liable to Plaintiff for the actual damages Plaintiff suffered, including the pain and suffering resulting from his inability to acquire a Bank of America L.L. Bean credit card, plus a sum of three times the actual damages, plus the costs of this action, together with reasonable attorney's fees for Midland's willful and knowing failure to comply with the Maine Fair Credit Reporting Act, pursuant to 10 M.R.S.A. § 1322.

60. In the alternative, Defendant Midland is liable to Plaintiff for the actual damages Plaintiff suffered, including the pain and suffering resulting from his inability to acquire a Bank of America L.L. Bean credit card, plus such additional damages as the Court may allow of not less than one hundred dollars ($100) for each violation, plus the costs of this action, together with reasonable attorney's fees for Midland's negligent failure to comply with the Maine Fair Credit Reporting Act, pursuant to 10 M.R.S.A. § 1323.

## COUNT VII: VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT BY DEFENDANT MIDLAND

61. Plaintiff re-alleges and incorporates by reference paragraphs 5-20 of this complaint.

62. Upon information and belief, Midland regularly collects debts alleged to be due another and is therefore a debt collector as defined by 15 U.S.C. § 1692.

63. Beginning on or around March 27, 2006 and continuing until present, Midland's regular reports to Plaintiff's credit reporting agencies, including but not limited to continuing to report an account balance on Plaintiff's Transunion credit report, amounted to engaging in a series of unlawful debt collection practices under the Fair Debt Collections Practices Act, 15 U.S.C. § 1692, et. seq., including, but not limited to:

    a. conduct, the natural consequence of which was to harass, oppress, and/or abuse the Plaintiff in connection with the collection of a debt (15 U.S.C. § 1692d);

    b. making false representations as to the character, amount, or legal status of a debt (15 U.S.C. § 1692e(2)(a);

    c.    communicating to a person credit information known or which should have been known to be false (15 U.S.C. § 1692e(8);

    d.    using false representations or deceptive means to attempt to collect a debt (15 U.S.C. § 1692e(10).

64.    Plaintiff is entitled to actual damages plus such additional damages as the court may allow not exceeding $1,000 pursuant to 15 U.S.C. § 1692(k).

## COUNT VIII: VIOLATIONS OF THE MAINE FAIR DEBT COLLECTION PRACTICES ACT BY DEFENDANT MIDLAND

65.    The Plaintiff realleges and incorporates by reference paragraphs 5-20 of this Complaint.

66.    Upon information and belief, Midland regularly collects debts alleged to be due to others, and is therefore a debt collector as defined by 32 M.R.S.A. § 11002(6).

67.    Beginning on or around March 27, 2006 and continuing until present, Midland's regular reports to Plaintiff's credit reporting agencies, including but not limited to continuing to report an account balance on Plaintiff's Transunion credit report, amounted to engaging in a series of unlawful debt collection practices under the Maine Fair Debt Collection Practices Act, including, but not limited to:

    a.    conduct, the natural consequence of which was to harass, oppress, and/or abuse the Plaintiff in connection with the collection of a debt (32 M.R.S.A. § 11013(1);

    b.    making false representations as to the character, amount, or legal status of a debt (32 M.R.S.A. § 11013(2)(B)(1);

c. communicating to a person credit information known or which should have been known to be false (32 M.R.S.A. § 11013(2)(H);

d. using false representations or deceptive means to attempt to collect a debt (32 M.R.S.A. § 11013(2).

e. reporting solely in its own name credit or debt information concerning Plaintiff to Plaintiff's credit reporting agencies.

68. Plaintiff is entitled to actual damages plus such additional damages as the court may allow not exceeding $1,000 pursuant to 32 M.R.S.A. § 11054.

## COUNT IX: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS BY DEFENDANT MIDLAND

69. Plaintiff re-alleges and incorporates by reference paragraphs 5-20 of this complaint.

70. Midland's conduct in continuing to make regular reports to Plaintiff's credit reporting agencies suggesting that Plaintiff had both a Household account in collection and a Midland account in collection with an outstanding balance after Plaintiff settled his account with Midland, was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious, and utterly intolerable in a civilized community.

71. Midland's actions caused Plaintiff severe emotional distress.

72. The emotional distress suffered by Plaintiff was severe so that no reasonable person could be expected to endure it.

73. Midland intentionally or recklessly inflicted Plaintiff's severe emotional distress or was certain or substantially certain that such distress would result from its conduct.

74. Plaintiff is entitled to recover relief for Midland's intentional infliction of emotional distress.

## COUNT X: INTERFERENCE WITH A PROSPECTIVE ECONOMIC ADVANTAGE BY DEFENDANT MIDLAND

75. Plaintiff re-alleges and incorporates by reference paragraphs 5-20 of this complaint.

76. Midland has incorrectly reported that Plaintiff owes an unpaid obligation to both Midland and Household with his credit reporting agencies.

77. Because Plaintiff settled his outstanding accounts, absent and prior to Defendant's actions, Plaintiff had a real and valid prospective economic advantage in her ability to acquire credit at a low rate based upon his improving credit score.

78. Midland interfered with that prospective advantage through the use of fraud by falsely reporting that Plaintiff's accounts remain in collection and that Plaintiff continues to owe $544 on his Midland account.

79. Midland's conduct was fraudulent because it falsely represented material facts with knowledge of their falsity or reckless disregard of whether they were true or false for the purpose of inducing its competitors to deny plaintiff credit in reliance upon the false information, and those competitors have denied or will deny him credit in the future based upon the reports.

80. Midland's interference with Plaintiff's prospective economic advantage has hindered his ability to obtain credit, including but not limited to a Bank of America L.L. Bean credit card.

81. Plaintiff is entitled to recover damages from Defendant for its interference with his prospective economic advantage.

## COUNT XI: INVASION OF PRIVACY: FALSE LIGHT BY DEFENDANT MIDLAND

82. Plaintiff re-alleges and incorporates by reference paragraphs 5-20 of this complaint.

83. Midland published false statements and/or representations regarding Plaintiff's liability for a Household account and an identical account under Midland's name by regularly sending statements to the three major credit reporting agencies.

84. The reports issued by Midland were published in an arena open to all potential creditors, as well as Plaintiff's potential employers and other members of the public.

85. Midland had knowledge of the falsity of the statements or acted in reckless disregard of whether they were true or false.

86. The false statements indicating that Plaintiff has an account in collection and an unpaid balance on another account which has been placed for collection would be considered highly offensive to a reasonable person.

87. Plaintiff is entitled to recover damages for Midland's portrayal of him in a false light.

WHEREFORE, Plaintiff prays that this Court sanction Defendants, award such actual damages, including costs, attorneys fees and punitive damages as are appropriate, and grant such further injunctive or other relief as this Court deems just and reasonable.

Dated at Saco, Maine, this 20th day December, 2006.

JAMES F. MOLLEUR, LLC

By: /s/ James F. Molleur
James F. Molleur, Esq.

By: /s/ J. Scott Logan
J. Scott Logan, Esq.

Counsel for Plaintiff
P.O. Box 619, 209 Main St., Suite 104

Saco, ME  04072-0619
(207) 283-3777
jim@molleurlaw.com
scott@molleurlaw.com